JOURNAL ENTRY AND OPINION
Case Western Reserve University appeals from a judgment of the common pleas court which affirmed the decision of the Ohio Bureau of Employment Services finding that the university terminated Rose Chandler, a long-term employee, without just cause, thereby entitling her to unemployment compensation. The university urges on appeal that Chandler had been terminated for just cause. We agree and conclude that the trial court's decision to the contrary is unlawful, unreasonable and against the manifest weight of the evidence, and therefore, we reverse that judgment.
The record reveals that Rose Chandler began employment at Case Western Reserve University in 1960 as a secretary. Thereafter, she worked for the university in various capacities until 1990 when she sought and received a promotion to administrative assistant to the chair of the Computer Engineering and Science Department. She served in that capacity under Dr. Lee White until 1996 when Dr. Richard Edwards replaced White as chairman of that department. Chandler's performance deteriorated, and Dr. Edwards placed Chandler in Progressive Counseling. Edwards noted that Chandler's behavior became disruptive, and she called her superiors racists, liars, and conspirators. She continued to make errors and claimed that she did not have the time to implement a system to track purchase orders.
In 1997, Edwards rated Chandler as "Marginal" noting that Chandler failed to satisfy the requirements of the job description that had been provided to her. Edwards explained that Chandler could not handle the financial management of the department or the faculty, research and graduate student appointments, and she exhibited an unprofessional, disrespectful, and uncooperative demeanor. On January 27, 1998, Edwards terminated Chandler.
Chandler filed an application for unemployment compensation, and on March 6, 1998, the Ohio Bureau of Employment Services decided the university discharged Chandler for neglect of duty, determined the discharge justifiable, and therefore, denied her claim for benefits. The bureau also denied Chandler's request for reconsideration. Thereafter on May 7, 1998, Chandler appealed that decision to the Unemployment Compensation Review Commission which conducted a hearing. Chandler, Lorraine Watson, the Assistant Director of Human Resources for Employee Relations, and counsel for the university attended the hearing. Watson testified that Chandler's acts of non-compliance, repetitive disregard of stated rules and procedures, insubordination, lack of cooperation, and unprofessional, disrespectful, and inappropriate behavior led to her termination. At the hearing, Chandler testified that she only received negative evaluations from White and Edwards, but she believed the comments were untrue and deliberately misleading. As a result of these evaluations, Chandler admitted that her performance had deteriorated.
On July 22, 1998, Kevin Thornton, the hearing officer for the Review Commission, reversed the bureau's decision, determined that no just cause existed for her termination, and concluded that the university had promoted her beyond her ability to satisfactorily perform her duties. The university then requested a review of that decision, which the Review Commission denied, and thereafter, the university appealed the decision to the court of common pleas. The trial court affirmed Thornton's decision, and the university now appeals and raises four assignments of error for our review, all of which relate to just cause; thus, we will address them jointly.
I.
 THE COMMON PLEAS COURT ERRED IN AFFIRMING THE HEARING OFFICER'S ERRONEOUS INTERPRETATION OF TZANGAS, PLAKAS MANNOS V. OHIO BUREAU OF EMPLOYMENT SERVICES (1995), 73 OHIO ST.3d 694, WHICH HELD THAT THE INABILITY OF AN EMPLOYEE TO PERFORM HER JOB CONSTITUTES JUST CAUSE FOR TERMINATION, AS NOT BEING APPLICABLE TO A LONG-TERM EMPLOYEE SUCH AS CHANDLER.
II.
 THE COURT OF COMMON PLEAS ERRED IN UPHOLDING THE UNEMPLOYMENT COMPENSATION REVIEW COMMISSION'S FINDING THAT CHANDLER WAS NOT TERMINATED FOR JUST CAUSE UNDER R.C. 4141.29 AND WAS ENTITLED TO UNEMPLOYMENT COMPENSATION BENEFITS.
III.
 THE COMMON PLEAS COURT ERRED IN AFFIRMING THE HEARING OFFICER'S FINDING THAT CHANDLER WAS NOT TERMINATED FOR JUST CAUSE, EVEN THOUGH SHE WAS UNABLE TO PERFORM HER JOB DUTIES.
IV.
 THE COMMON PLEAS COURT ERRED IN AFFIRMING THE HEARING OFFICER'S ERRED IN MAKING THE ERRONEOUS CONCLUSION OF LAW THAT CHANDLER HAD TO HAVE ENGAGED IN "SUFFICIENT WILLFUL AND WRONGFUL CONDUCT" IN ORDER TO HER TO HAVE BEEN TERMINATED FOR JUST CAUSE.
The university urges that Chandler had been terminated for just cause because she accepted a promotion and demonstrated an inability to perform her job and that the hearing officer incorrectly interpreted Tzangas, Plakas Mannos v. Ohio Bureau ofEmployment Services (1995), 73 Ohio St.3d 694, to apply to cases involving only short-term employees.
The bureau urges on appeal that Chandler had been discharged without just cause because the university realized her inability to perform her job duties; that Chandler had not been sufficiently "at fault" to justify a denial of unemployment compensation; and thatTzangas does not apply to a case involving the promotion of a long-term employee, but rather, it should only apply to short-term employee cases.
The issue then concerns whether the trial court's determination that the university terminated Chandler without just cause is unlawful, unreasonable, and against the weight of the evidence.
In Tzangas, the court stated in its syllabus
 1. An appellate court may reverse the Unemployment Compensation Board of Review's "just cause" determination only if it is unlawful, unreasonable or against the manifest weight off the evidence. (Emphasis added.)
* * *
 4. An employer may properly find an employee unsuitable for the required work, and thus to be at fault, when: (1) the employee does not perform the required work, (2) the employer made known its expectations of the employee at the time of hiring, (3) the expectations were reasonable, and (4) the requirements of the job did not change substantially since the date of the original hiring for that particular position.
Further, the court stated at p. 696:
 * * * This court noted that while appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, they do have the duty to determine whether the board's decision is supported by the evidence in the record. * * * This duty is shared by all reviewing courts, from the first level of review in the common pleas court, through the final appeal in this court. (Citations omitted.)
In Tzangas, the court found that an employee is not entitled to unemployment compensation upon termination for an inability to perform the job because this would discourage an employer from taking a "leap of faith" on an unproven worker. In this case, Chandler maintains the university promoted her beyond her ability. However in 1990, she sought and accepted the promotion. In accordance with the four-part test in Tzangas, the record demonstrates Chandler's inability to perform her duties. Her evaluations repeatedly articulated the same performance concerns, specifically: a lack of proficiency in course scheduling and the university's policies and procedures, budgetary mistakes, inadequate problem solving, excessive delegation of tasks to other employees, and inappropriate behavior. At the hearing, Chandler admitted that her performance evaluations from White and Edwards were negative. The record does not contain any evidence that Chandler could perform her job to the satisfaction of her supervisors.
Further, the university made known its expectations at the time of Chandler's promotion because Edwards provided Chandler with a copy of the job description. The record also reflects that the job expectations were reasonable, and that those requirements had not changed since the date of her promotion.
Our court has applied Tzangas to a long-term employee of twenty-seven years in Slavik v. Lincoln Elec. Co. (Oct. 8, 1998), Cuyahoga App. No. 73450, unreported, where this court determined that Lincoln Electric Company had just cause to terminate Slavik for unexcused absenteeism.
Hence, in accordance with Tzangas, we have concluded, based on Chandler's inability to perform the duties as an administrator as demonstrated by the performance reviews, her unsuitability for that position constitutes fault sufficient to support a just cause termination. Thus, the trial court's decision to the contrary that the university discharged Chandler without just cause is unlawful, unreasonable, and against the manifest weight of the evidence. Accordingly, we reverse that decision and enter final judgment for the university.
Judgment reversed.
This cause is reversed and final judgment entered for the university.
It is, therefore, considered that said appellant recover of appellees costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and JAMES M. PORTER. J., CONCUR.
 ___________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE